**IN THE COURT OF APPEALS OF IOWA**

No. 16-1535
Filed July 19, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MARJAN STOJANOV,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Palo Alto County, Ann M. Gales, District Associate Judge.

Marjan Stojanov appeals the denial of his motion to suppress and subsequent conviction for operating while under the influence. **AFFIRMED.**

Jared R. Weber, Orange City, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**DANILSON, Chief Judge.**

Marjan Stojanov appeals the denial of his motion to suppress and subsequent conviction for operating while under the influence (OWI).

Stojanov was approached by Deputy Eric Ring while Stojanov was parked in a gas station parking lot. The officer had located Stojanov driving a vehicle matching the description of a citizen's report of a suspected intoxicated driver and followed the vehicle to the gas station. The officer did not observe any traffic violations. Stojanov failed field sobriety tests, and a later breath test indicated a blood alcohol content of more than twice the legal limit. Stojanov was charged with OWI. He filed a motion to suppress, asserting he was seized without reasonable suspicion or probable cause and the results of the seizure should be suppressed.

Our review of the denial of a motion to suppress is de novo. *State v. Turner*, 630 N.W.2d 601, 606 (Iowa 2001). "Under this review, we 'make an independent evaluation of the totality of the circumstances as shown by the entire record.'" *Id.* (citation omitted). "The fact findings of the district court are not binding; however, because the district court had the opportunity to assess the credibility of the witnesses, we do give deference to those findings." *State v. Shanahan*, 712 N.W.2d 121, 131 (Iowa 2006).

At the hearing on the motion to suppress, Stojanov and Deputy Ring presented very different versions of their encounter. Deputy Ring testified he parked next to the vehicle Stojanov had been driving. He then approached the vehicle and engaged Stojanov in friendly conversation by saying "hello" and asking, "Would you mind stepping out of the car for me?" After Stojanov did so,

Deputy Ring asked, "Mind if I speak with you?" According to the deputy, Stojanov's decision to engage in conversation with him was entirely voluntary up until the point when Deputy Ring observed signs of intoxication and developed reasonable suspicion to justify further detention for investigatory purposes.

Stojanov testified, however, Deputy Ring's unmarked vehicle partially blocked him in, and when Stojanov got out of his vehicle and started walking towards the store, the deputy yelled in a commanding voice, "Go back in the vehicle." Stojanov described the deputy's tone of voice as "very scary, commanding, loud." According to Stojanov, Deputy Ring gave the command for Stojanov to get back in the vehicle while Deputy Ring was walking towards the vehicle with his hand near his gun.

The district court concluded Deputy Ring's testimony was credible and Stojanov's was not, and Stojanov was not seized when the deputy approached the vehicle but only after the deputy had cause to believe Stojanov was under the influence.

The trial court's specific credibility finding was based upon this reasoning:

Deputy Ring is a trained officer with over [thirteen] years of law enforcement experience. His testimony was reasonable and internally consistent. His memory of events was clear and unimpaired. There is no evidence that he had a preexisting bias against Stojanov—or that he had any previous knowledge of Stojanov whatever. He testified that he was well aware he did not have grounds to detain Stojanov during the initial encounter and for that reason he was careful not to use police coercion to restrain Stojanov's movement. These factors cause the Court to believe that Deputy Ring was cognizant of his constitutionally permissible boundaries and was careful not to cross them.

Stojanov, on the other hand, had a clear motivation to testify untruthfully in order to avoid a conviction for operating while intoxicated. In addition, unlike Deputy Ring, Stojanov was impaired on the night in question, as evidenced by his failure of field sobriety

tests and the open containers of alcohol in his vehicle. It is likely that Stojanov's perception of events and memory were impaired by his alcohol consumption. For all these reasons, the court rejects Stojanov's version of events and accepts the deputy's testimony as true.

In light of the deference owed to the district court's specific credibility determination and its superior position to examine and view the witnesses, we adopt the findings as our own. We conclude Stojanov's initial encounter with Deputy Ring was not a seizure. *See State v. Wilkes*, 756 N.W.2d 838, 842 (Iowa 2008) ("Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a 'seizure' has occurred." (citation omitted)). We therefore affirm.

**AFFIRMED.**